Chester A. OEHLER, Appellant,

v.

Mitzie Irick Cox BOWEN et al., Appellees.

No. 4266.

Court of Civil Appeals of Texas.

Eastland.

Oct. 25, 1968.

Rehearing Denied Nov. 15, 1968.

Chester A. Oehler, Dallas, for appellant.

Gerald E. Stockard, Denton, for appellees.

GRISSOM, Chief Justice.

Chester A. Oehler sued Mitzie Irick Cox Bowen and husband, Gerald E. Stockard and wife and Tyman W. Irick and wife in Dallas County for damages claimed to have been caused by a conspiracy of the defendants to cause him to lose his attorney's fee in the case of Conway et al v. Irick et al in the District Court of Denton County by causing the plaintiff, Mr. Oehler, an attorney at law, to be made a party to that suit. He alleged that all of the defendants, except the Stockards and Iricks resided in Dallas County and that the Stockards and Iricks resided in Denton County, and that the defendants "unlawful" acts were committed in Dallas County. All defendants filed pleas of privilege to be sued in Denton County where they reside, except the Bowens. The Bowens alleged their residence was in Harris County but, nevertheless, asked that the case as to all parties be transferred to Denton Coun-

ty. In connection with the Bowens' request that the case be transferred to Denton County, we call attention to the second paragraph of Texas Rules of Civil Procedure 86, which provides that a plea of privilege to be sued in a county other than the county of one's residence shall be in writing and sworn to and state that the party filing the plea is asserting venue under and by virtue of one or more specific statutory provisions which shall be clearly designated or indicated. Oehler made no exception to the Bowens' plea of privilege and the opinion of the subcommittee on the interpretation of the rules following Rule 86 indicate that in their opinion their plea was substantially correct.

In a trial to the court, all pleas of privilege were sustained and the case was transferred to Denton County. Oehler has appealed.

■ Appellant's first point is that the court erred in overruling his motion to transfer the case to Harris County if any pleas of privilege were sustained. This contention is apparently based upon a misconception of the court's actual ruling as shown by the record. It appears to be based upon a discussion by court and counsel. The judgment appealed from simply sustains the pleas of privilege and orders the case, as to all parties, transferred to Denton County. There are no findings of fact or conclusions of law. The record does not conclusively establish that the parties entered into or executed a conspiracy in Dallas County. The nearest appellant comes to supporting this contention is that appellant was served with a citation in Dallas County after he had been made a party to the case pending in Denton County. We find that no exception requiring the maintenance of this case in Dallas County has been conclusively established. Under such circumstances the presumptions are that the court found facts that authorize transfer of the suit in Denton County.

Appellant's second point is that the court erred in transferring the case as to Bowens to Denton County after rendering judgment severing them and sustaining their pleas and transferring them to Harris County. That which has heretofore been said distinguishing a discussion between the court and the attorney and its judgment is applicable here. The judgment and record does not show that the case as to the Bowens was severed and transferred to Harris County.

■ Appellant argues that the entire case as to all parties should have been transferred to Harris County; that such transfer would be fair to all parties; that appellant cannot obtain a fair trial in Denton County; that he alleged in his controverting plea that it would be useless to transfer the case to Denton County because a change of venue would lie there under Rule 257; that a fair and impartial trial could not be had in Denton County because, among other things, the only District Judge in that county might be a witness in the case and because under the law the plaintiff had the right to elect, if all the pleas of privilege were good and the cause was joint and the defendants reside in different counties, to which county the case should be transferred. Wherefore, he contends the court erred in not transferring the case to Harris County. We think that under this record the plaintiff did not have the authority to decide to what county the case could be transferred. What has been said substantially disposes of points 3, 4 and 5. Appellant's 6th point is that the court erred in holding that no act of the conspiracy was committed in Dallas County because appellees caused citation to issue from the District Court of Denton County and it was served on appellant in Dallas County. We do not think service of citation upon appellant was an overt act of appellees in pursuance of an unlawful conspiracy within the meaning of the decisions that apparently hold that suit may be maintained where an overt act in pursuance of a conspiracy is committed by the conspirators.

Appellant says he has conclusively established the venue facts that require retention of the suit in Dallas County; that he introduced his amended controverting plea and petititon in evidence and submitted himself to cross examination; that he testified to additional details and to the matters so alleged. Wherefore, he concludes that he thereby established his cause of action for conspiracy against all of the defendants and that such conspiracy was formed or carried out in Dallas County. We have given this contention our careful consideration and are forced to disagree with appellant. We think that such evidence, at most, did nothing more than raise issues of fact which have been determined against him.

All points have been considered and are overruled. The judgment is affirmed.